Maude **SPRINGMEYER**, Plaintiff,

v.

**FEDERAL EMERGENCY MANAGE-
MENT AGENCY, Defendant.**

No. 88–1693C(1).

United States District Court,
E.D. Missouri, E.D.

April 1, 1991.

J. Martin Hadican, St. Louis, Mo., for plaintiff.

Joseph Moore, Asst. U.S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM

NANGLE, District Judge.

Defendant administers the National Flood Insurance Program ("NFIP"). This case involves plaintiff's claim under a Standard Flood Insurance Policy ("SFIP") issued by NFIP for damage from a flood on October 6, 1986, and defendant's counterclaim for return of amounts paid on a separate and earlier claim under the same poli-cy for damage from a flood on March 4, 1985. On August 9, 1989, this Court entered judgment in favor of plaintiff on her claim and awarded plaintiff damages in the amount of the policy limits, minus the deductibles, having found that all the damage to the insured property was within the coverage of the policy and that the amount of the damage exceeded the policy's limits. The Court also entered judgment in favor of plaintiff on defendant's counterclaim.

In so doing, the Court rejected defendant's argument that a policy exclusion for damages to enclosures and contents on the lower levels of elevated buildings applied, so as to exclude from coverage damage to the lower level of the insured building. Defendant argued that part of the October 1986 damage was so excluded, and that most of the March 1985 damage for which defendant had earlier paid was attributable to such excludible damage. The Court rejected defendant's argument based on its conclusion that a regulation promulgated after both claims, which would narrow the exclusion so as not to apply to plaintiff's home, applied retroactively to void the exclusion as to plaintiff.

Defendant appealed, and the Eighth Circuit has remanded the case for further proceedings consistent with its opinion in *Criger v. Becton*, 902 F.2d 1348 (8th Cir. 1990), in which the Eighth Circuit reversed another judgment of this Court and held, as to the regulation also in question here, "that the October 1, 1988, amendment of the elevated structure exclusion does not have retrospective effect." *Id.* at 1355. After the remand, the Court ordered both parties to list the issues remaining to be resolved in this case in light of *Criger*.

Having now studied its August 9, 1989 judgment and opinion, the Court of Appeals' decision in *Criger* and the parties' responses to the Court's order concerning the remaining issues in this case, the Court has reached the following conclusions. The 1988 regulation narrowing the scope of the elevated structure exclusion no longer has any relevance to this case, which must be decided on the basis of the exclusion as it stood at the time of both of plaintiff's

claims. If plaintiff's home is an elevated structure within the meaning of the exclusion, many types of damage to its lower level are not covered by the policy. If the exclusion applies, the Court's prior judgment must be adjusted to reflect the excluded damage.

Contrary to the defendant's assertion, the Court did not previously make an explicit finding with respect to whether or not the home was an elevated structure; no such finding was necessary, because the Court concluded that even if the house was elevated, the 1988 regulation made the exclusion inapplicable because of the structure's age. On the basis of the record before the Court, particularly the parties' stipulations and the trial testimony, to the effect that three different NFIP adjusters deemed the home to be an elevated structure, the Court now makes explicit its finding that the home is elevated within the meaning of the exclusion, which is found at 44 C.F.R. Pt. 61, App. A(1), Art. V(F) (1985).

The question of the appropriate reduction of damages can likewise be determined on the record as it now stands. The parties stipulated to the fact that the entire damage caused by the March, 1985 flood was to the lower level of the home, and that defendant paid plaintiff $8,360.73 for the damage. *See* Stipulation ¶¶ 12 and 13. The Court credits Government's Exhibit B and the related testimony of Ed Kristapsons, one of the SFIP adjusters, concerning the amount by which defendant overpaid for March 1985 damage that was subject to the elevated structure exclusion. This documentation and testimony establish that the amount of damage not covered by the policy and improperly paid for in 1985 equals $6,831.62. Defendant thus prevails on its counterclaim for repayment of the erroneously paid benefits in that amount.

As before, the Court accepts plaintiff's estimation of the damage to the home during the later flood in October, 1986, and looks to the estimate of Joseph P. Caulfield, Public Adjuster, (Plaintiff's Exh. 5) to apportion the damage between the upper and lower levels. Under Mr. Caulfield's

estimate, the damage to contents on the upper level amounted to $3,240.00, exclusive of contractor's overhead and profit. The damage to structure on the upper level amounted to $12,245.81, exclusive of contractor's overhead and profit. These sums exceed the policy's limits of $2,700 for contents and $10,700 for structure, so that plaintiff remains entitled, as the Court previously concluded, to $12,400.00, which represents the policy limits less the $1,000.00 deductible.

Accordingly, the Court vacates its judgment entered August 9, 1989, and enters judgment anew in favor of plaintiff on her claim against defendant in the amount of $12,400.00, and in favor of defendant on its counterclaim in the amount of $6,831.62. Plaintiff's net award of damages, then, is $5,568.38.